UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| **KIM MARIE LAWRENCE,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **MICHAEL J. ASTRUE,** ) <br> **Commissioner of the Social** ) <br> **Security Administration,** ) <br> ) <br> Defendant. ) <br> _____) | Case No. CV 09-678 AJW <br><br> MEMORANDUM OF DECISION |

Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for disability insurance benefits and supplemental security income ("SSI") benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

**Administrative Proceedings**

Plaintiff filed her applications for benefits in May 2006.[1] In an August 14, 2008 hearing decision that constitutes the Commissioner's final decision in this matter, an administrative law judge ("ALJ")

---

[1] Plaintiff filed prior applications for disability insurance benefits and SSI benefits in March 2004. A final hearing decision denying those applications was issued on April 10, 2006. [AR 8, 28-35]. The ALJ declined to reopen the prior decision, which in any event was affirmed by this court.[See Judgment filed May 7, 2007 in Kim M. Moore v. Jo Anne Barnhart, CV 06-00910 AJW]. Accordingly, the relevant period in this case is April 11, 2006 through August 14, 2008, the date of the ALJ's decision.

concluded that plaintiff was not disabled because she retained the residual functional capacity ("RFC") to perform a restricted range of light work and therefore could perform her past relevant work as an office manager or medical assistant. [Administrative Record ("AR") 8-15].

**Standard of Review**

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Stout v. Comm'r, Social Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)(internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Social Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir.1999)).

**Discussion**

**Medical opinion evidence**

Plaintiff contends that the ALJ improperly failed to consider a consultative examiner's opinion that plaintiff should avoid even moderate exposure to vibration and improperly omitted that nonexertional limitation from his RFC finding. [See JS1-8].

The ALJ must provide clear and convincing reasons, supported by substantial evidence in the record, for rejecting the uncontroverted opinion of a treating or examining physician. A controverted treating or examining source opinion may be rejected for specific and legitimate reasons that are based on substantial evidence in the record. Batson v. Comm'r of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); Tonapetyan v. Halter, 242 F.3d 1144, 1148-1149 (9th Cir. 2001); Lester v. Chater, 81 F.3d 821, 830-831 (9th Cir. 1995). "Although the contrary opinion of a non-examining medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, it may constitute

substantial evidence when it is consistent with other independent evidence in the record." Tonapetyan, 242 F.3d at 1148 (citing Magallanes v. Bowen, 881 F.2d 747, 752 (9th Cir.1989)).

The ALJ found that plaintiff had a severe musculoskeletal impairment consisting of a compression fracture at L1 and degenerative disc changes. He also noted that plaintiff had a history of asthma, hypertension, and irritable bowel syndrome, but that the first two conditions were effectively controlled with medication, and plaintiff had not received any significant treatment for that condition during the relevant period. [AR 11]. The ALJ further found that plaintiff's impairments did not preclude her from performing light work, except that she is limited to occasional climbing and should avoid concentrated exposure to extreme heat, cold, fumes, odors, dusts, gases, and poor ventilation, as well as concentrated exposure to working around hazardous machinery or at heights. [AR 11-15].

M. H. Yee, M.D. completed a physical residual functional capacity form stating that plaintiff could perform a reduced range of light work and should avoid even moderate vibration. [AR 235-239]. Plaintiff characterizes Dr. Yee as an examining physician. That is incorrect. Dr. Yee was a nonexamining medical consultant who merely reviewed plaintiff's file. [See AR 239]. Plaintiff underwent two consultative physical examinations, and her RFC was assessed by a second nonexamining medical consultant. [AR 229-234, 270-275, 276-281]. No physician other than Dr. Yee concluded that plaintiff had an environmental limitation precluding exposure to vibration. Furthermore, the ALJ said that he has read and considered the medical consultants' opinions. [AR 15].

All of the examining and nonexamining physicians concluded that plaintiff could perform a reduced range of light work. In finding that plaintiff could perform a reduced range of light work with no limitation involving exposure to vibration, the ALJ permissibly relied on the examining and nonexamining physicians' opinions to the extent "not inconsistent with the overall medical evidence." [AR15]. Since Dr. Yee's preclusion against even moderate exposure to vibration was inconsistent with the other examining and nonexamining source opinions, the ALJ did not err in omitting that restriction from his RFC finding. Therefore, plaintiff's contentions lack merit.

**Past relevant work**

Plaintiff argues that the ALJ erred in failing to discuss the actual mental or physical demands of plaintiff's past relevant work. [JS 9-14].

A claimant is "not disabled" if she retains the residual functional capacity to perform the "actual functional demands and job duties of a particular past relevant job" or the "functional demands and job duties of the occupation as generally required by employers throughout the national economy." Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001) (quoting SSR 82-62); see also Burch, 400 F.3d at 679; Villa v. Heckler, 797 F.2d 794, 798 (9th Cir. 1986) ("The claimant has the burden of proving an inability to return to his former type of work and not just to his former job."). Information from the DOT, or the testimony of a vocational expert, may be used at steps four and five of the sequential evaluation to ascertain the demands of an occupation as ordinarily required by employers throughout the national economy. SSR 82-61, 1982 WL 31387, at *2; Pinto, 249 F.3d at 845-846; Villa, 797 F.2d at 798.

Here, the ALJ permissibly relied on plaintiff's description of her past jobs contained in her work history report. [See AR 15 (citing AR 97-101)]. Pinto, 249 F.3d at 845 (stating that a properly completed vocational report may be used to define a claimant's past work as actually performed)(citing SSR 82-61, 1982 WL 31387, at *2); see also SSR 82-41, 1982 WL 31389, at *4 ("The claimant is in the best position to describe just what he or she did in [past relevant work], how it was done, what exertion was involved, what skilled or semiskilled work activities were involved, etc."). Plaintiff acknowledges that she bears the burden of showing that she can no longer perform her past relevant work [JS 10], but she does not contend that there is any inconsistency between her RFC as described by the ALJ and the demands of her past relevant work as she described them in her work history report. Accordingly, plaintiff's contention is rejected.

**Subjective symptom testimony**

Plaintiff contends that the ALJ improperly relied on plaintiff's daily activities and on her testimony about the effects of medication to reject the alleged severity of her pain and its functionally limiting effects. [See JS 14-20].

Once a disability claimant produces evidence of an underlying physical or mental impairment that is reasonably likely to be the source of his or her subjective symptoms, the adjudicator is required to consider all subjective testimony as to the severity of the symptoms. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc); see also 20 C.F.R. §§ 404.1529(a), 416.929(a) (explaining how pain and other symptoms are evaluated). Although the ALJ may

then disregard the subjective testimony he considers not credible, he must provide specific, convincing reasons for doing so. Tonapetyan, 242 F.3d at 1148; see also Moisa, 367 F.3d at 885 (stating that in the absence of evidence of malingering, an ALJ may not dismiss the subjective testimony of claimant without providing "clear and convincing reasons"). The ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa, 367 F.3d at 885; see Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) (enumerating factors that bear on the credibility of subjective complaints); Fair v. Bowen, 885 F.2d 597, 604 n.5 (9th Cir. 1989)(same). If the ALJ's assessment of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

Plaintiff was represented by counsel during the hearing and testified on her own behalf. She testified that she experienced numbness in her hand and legs and pain in her back, hips, and legs from bulging discs and compression fracture at L1. [See AR 13, 22]. She said that she had received two lumbar injections that provided relief for only ten days each. She said that pain and "not being able to do anything" caused depression that "comes and goes." [AR 21]. Asked about the effect of her pain on her daily activities, plaintiff testified that she did not shop "that often" and tried to keep "shopping to a minimum." [AR 22]. She added that "[c]leaning house is hard. I'm not saying that these things aren't possible, but I'm not saying that . . . it's easy, either, because I have pain 24/7." [AR 22]. Plaintiff said she was taking Tramadol and Neurontin for "the burning and stabbing in my feet." [AR22]. Those medications "minimize the pain that I'm feeling during the day. . . . And it just makes it so that I don't sit and cry because of the pain being so great." [AR 22]. Plaintiff testified that she had gone through withdrawal from Vicodin three times, and that she had declined additional narcotic pain medication because she did not want to go through withdrawal again. [AR 22]. Plaintiff said she "occasionally" got shortness of breath, but "it's generally because I have anxiety." [AR 23].

The ALJ articulated specific, convincing reasons based on the record for finding plaintiff's subjective testimony not fully credible. First, he concluded that plaintiff's own statements and statements made in a third-party questionnaire by Jason West indicated that plaintiff could eat, bathe, and dress herself independently; do the laundry, cook, vacuum, mop, sweep, iron, clean the bathroom, work in the yard, and

care for her cat(s); drive and go out by herself almost daily; go shopping, to the movies, to sporting events, and to church; work on the computer; do crafts; and manage her finances. [AR 13, 89-96, 102-109, 241-242]. See Burch, 400 F.3d at 681 (stating that the ALJ "was permitted to consider daily living activities in his credibility analysis" and did not err in concluding that the claimant's daily activities "suggest that she is quite functional. She is able to care for her own personal needs, cook, clean and shop. She interacts with her nephew and her boyfriend. She is able to manage her own finances and those of her nephew.").

Second, the ALJ noted that plaintiff made inconsistent statements about the extent of her functional limitations, and that statements made by Jason West indicated that plaintiff was not as restricted as she alleged. [AR 13-14]. See Light, 119 F.3d at 792 (explaining that the ALJ may employ "ordinary techniques of credibility evaluation," considering such factors as inconsistencies within the claimant's testimony, or between the claimant's testimony and the claimant's conduct, and statements from third parties concerning the nature, severity, and effect of the claimant's alleged symptoms).

Third, the ALJ concluded that plaintiff's subjective symptoms were inconsistent with the objective medical evidence, which showed that her asthma and hypertension were under control, her irritable bowel syndrome had not required any significant treatment, and she had "a history of low back pain secondary to compression fracture of the lumbar spine at L1 with mild degenerative disc disease, as shown on x-ray findings dated July 31, 2006." [AR 14; see also AR 11-13, 179, 209-213, 229-233, 240-245, 270-275, 284-304]. In addition, the consultative examiners' findings did not corroborate plaintiff's subjective limitations. [See AR 14-15, 240-243, 270-275]. See Burch, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.").

Finally, the ALJ noted that plaintiff acknowledged that her medications provided some relief, and he rationally inferred that her "routine and conservative treatment" undermined her allegations of disabling pain and other symtpoms. [See AR 13, 22]. See Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (explaining that the ALJ properly considered, as part of his credibility evaluation, the claimant's "minimal, conservative treatment") (citing Bunnell, 947 F.2d at 346); Fair, 885 F.2d at 603 (observing that disability insurance benefits are not intended for those who experience nondisabling pain).

Plaintiff's arguments lack merit. The ALJ made legally sufficient findings to support his adverse

6

1 credibility determination.

## Conclusion

The Commissioner's decision is supported by substantial evidence and is free of legal error. Accordingly, the Commissioner's decision is affirmed.

**IT IS SO ORDERED.**

April 26, 2010

_____
ANDREW J. WISTRICH
United States Magistrate Judge